**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN ERIC THOMAS, | ) |
|       Petitioner, | ) |
| vs. | ) No. 2:10-cv-278-WTL-DML |
| SUPERINTENDENT, | ) |
|       Respondent. | ) |

**Entry Directing Further Proceedings**

"District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). This fully applies to the awkward and confused verbiage which the petitioner has compiled in his petition for a writ of habeas corpus. This deficit, together with the fact that notice pleading does not suffice in an action for habeas corpus relief, see *Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), requires a renewed effort.

In view of the foregoing, the petitioner shall have **through November 9, 2010,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief. He is obligated to do nothing less. *Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'"). By "claims" as used in this setting are meant the recognized principles of law which, as applied to the facts and circumstances of the challenged proceeding, show that proceeding to have been deficient or violative of the petitioner's rights.

A copy of the habeas petition shall be included with the distribution of this Entry.

**IT IS SO ORDERED.**

Date: 10/25/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

John E. Thomas
DOC #137153
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111