# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOHN ERIC THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 2:10-cv-278-WTL-DML |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## Entry Again Directing Further Proceedings

### I.

### A.

A **copy** of the petitioner's filing of November 10, 2010, shall be included with the distribution of this Entry.

### B.

Referring to the Entry of October 25, 2010, as a "judgment," the petitioner seeks to have that Entry vacated.

The characterization of the Entry of October 25, 2010, as a "judgment" is mistaken. The characterization or understanding of any prior ruling in this action as a "judgment" is mistaken. "A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Riley v. Kennedy*, 128 S. Ct. 1970, 1981 (2008)(quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). No ruling ending the litigation has been issued in this case at this point.

The petitioner's request that the Entry of October 25, 2010, be vacated is treated as a motion to reconsider.

"A motion to reconsider asks that a decision be reexamined in light of additional legal arguments, a change of law, or an argument that was overlooked earlier . . . ." *Patel v. Gonzales* 442 F.3d 1011, 1015-16 (7th Cir. 2006). No argument of that nature is presented in the motion to reconsider. Instead, the petitioner supports his request by asserting that the undersigned has a personal bias against the petitioner and should therefore recuse himself. As explained in Part II of this Entry, the assertion of bias is unsupported. The motion to reconsider (dkt 3) is therefore denied.

**C.**

The petitioner seeks the assignment of this action to the docket of a three-judge panel. No such procedure is required or even authorized at the district court level in the typical civil action or in habeas corpus actions in particular. The request for the assignment of this action to the docket of a three-judge panel is **denied.**

**D.**

The petitioner shall have a further period of time, **through December 8, 2010,** in which to file an amended petition for a writ of habeas corpus. He shall do so in compliance with directions issued in the Entry issued on October 25, 2010. This means that his amended petition for a writ of habeas corpus must coherently sets forth his claim(s) for relief. The term "claims" means the recognized principles of law which, as applied to the facts and circumstances of the challenged proceeding, show that proceeding to have been deficient or violative of the petitioner's rights. Additionally, given the nature of the action, the claims must support a challenge to the fact or the duration of the petitioner's confinement.

**II.**

The petitioner, a state prisoner, seeks recusal of the undersigned. He fails to explain why this step should be taken. Motions require coherent reasons. Rule 7(b)(1) of the *Federal Rules of Civil Procedure* states in relevant part: "An application to the court for an order shall be made by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." **Fed.R.Civ.P.** 7(b)(1). In the Seventh Circuit, "particularity" has been interpreted to mean "reasonable specification." *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 760 (7th Cir. 2001).

Because the motion (dkt 3) lacks a coherent statement of reasonable specification for the relief sought, the motion is **denied** insofar as the plaintiff seeks the recusal of the undersigned.

**IT IS SO ORDERED.**

Date: 11/15/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

John E. Thomas
DOC #137153
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 1111
Carlisle, IN 47838-1111